No. 885

SYMONS v. EICHELBERGER

Ohio Appealys, 8th District, Cuyahoga County
No. 4381. Decided May 14, 1923

172. EVIDENCE.

Costs in another state cannot be proved by a certified copy of clerk to the effect that they have been paid.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion

This was an action by Symons against Fred Eichelberger to collect the costs claimed to have accrued in a suit in which he was plaintiff and Eichelberger and others were defendants in the District of Columbia courts. The plaintiff claimed that as the costs were not paid by the defendants he had to pay them, and brought this action to collect same. At the trial the plaintiff attempted to prove the payment by a certified copy signed by the clerk and given to a third person to the effect that the costs had been paid. The Municipal Court held for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, although upon a different ground, the Court of Appeals held:

1. As a certified copy from the clerk to the effect that the costs had been paid is not the proper way of proving that fact, there is no evidence upon which the trial court could base a judgment, and therefore the judgment of the court below was right.

Attorneys—J. A. Lombard, for Symons; W. K. Gardner, for Eichelberger.

---

No. 886

RAMUS & JACKSON

Ohio Appeals, 8th District, Cuyahoga County
No. 4597. Oct. 29, 1923

45. MALICIOUS PROSECUTION.

Does not lie for civil action for slander, or in absence of allegation of conspiracy to commit unlawful acts.

SULLIVAN, J.    Epitomized Opinion

Action for damages based upon the injury done plaintiff by defendant in a slander suit brought by defendant against plaintiff, which suit resulted in a verdict and judgment for plaintiff. In the Common Pleas the court sustained a demurrer to the petition on the ground that it did not state a cause of action and rendered judgment for defendant. Plaintiff brought error proceedings. Held:

An examination of the petition shows that it is one for damages for the malicious prosecution of a civil case where there has been no arrest of the person or seizure of property. Under such circumstances no suit will lie. 61 OS. 489. The petition attempted, but failed to allege a conspiracy to procure perjury on the part of witnesses who testified in the slander suit. Had it succeeded in thus alleging a conspiracy to commit unlawful acts the petition would have stood on demurrer. Judgment affirmed.

Attorneys—Berkeley Pearce, for plaintiff; White, Brewrer & Curtis, for defendant; all of Cleveland.

---

No. 887

GENERAL FIREPROOFING CO. v. TRAMPUSH

Ohio Appeals, 7th District, Mahoning County
Oct. 5, 1923

384. WORKMEN'S COMPENSATION.

Amendment limiting evidence on appeal to that on hearing by Industrial Commission, held not binding in instant case.

281. PARTIES.

Change of parties defendant relates back to day of filing suit.

FARR, J.    Epitomized Opinion

Appeal in the Common Pleas from a refusal of the Industrial Commission to award Trampush compensation for an injury received in the employ of defendant company. A verdict and judgment for $1,652 in favor of Trampush resulted. Defendant brought error proceedings to this court, contending that there was error in admitting testimony at the trial not produced before the Industrial Commission; and that claimant had failed to file her appeal within thirty days after the refusal of her claim by the commission. She had filed her appeal within the thirty-day period, naming the Industrial Commission as defendant. Later, after the thirty-day period, she amended, naming the defendant company a new party defendant and dismissing as to the Industrial Commission. Held:

1. The Code amendment limiting the evidence to that produced before the Industrial Commission became a law three days after the refusal of the commission to award claimant compensation. It is therefore not binding in this case.

2. An amendment to a pleading changing the party defendant as was made in this case is permissible. 31 OCA. 145. Judgment affirmed.

Attorneys—Harrington, De Ford, Huxley & Smith, Youngstown, for defendant; Joseph Friedman, Youngstown, for claimant.